# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER GOODVINE,**

    **Plaintiff,**

    v.                                                                      Case No. 09-C-0317

**PETER ERICKSEN et al.,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff Christopher Goodvine is a Wisconsin prisoner who brings this action under 42 U.S.C. § 1983 against a number of correctional officers and administrative officials at Green Bay Correctional Institution ("GBCI"). On August 16, 2010, plaintiff filed a third amended complaint asserting a variety of claims. The defendants move to sever these claims into nine separate lawsuits on the ground that they are not properly joined under Rules 18 and 20 of the Federal Rules of Civil Procedure.

A plaintiff may join multiple persons in one action as defendants only if two conditions are satisfied. First, the claims against the defendants must arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Second, the claims must present a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). Once all defendants are properly joined under Rule 20, a plaintiff may then assert any other claims he or she has against the defendants, even if the other claims are not transactionally related to the initial claims and do not involve a common question of law or fact. See Fed. R. Civ. P. 18. However, "unrelated

claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's third amended complaint includes numerous claims against thirteen defendants. Most of these claims allege that some defendant or group of defendants retaliated against plaintiff for exercising his First Amendment right to complain about something – usually correctional staff's treatment of himself or other inmates. Plaintiff also brings claims alleging that some defendant or group of defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The cruel and unusual punishment claims can be divided into claims involving use of excessive force and claims involving the conditions of plaintiff's confinement. Finally, plaintiff includes a state-law negligence claim against several defendants based on an incident in which plaintiff was thrown from a golf cart.

Plaintiff asserts no single claim against all thirteen defendants, but he contends that all defendants are properly joined in a single suit because all of his claims are part of the same "pattern of retaliation." Plaintiff's use of the word "pattern" suggests that he is trying to prove that the defendants entered into a conspiracy of some sort, yet the complaint does not include a conspiracy claim or otherwise plead that all thirteen defendants or any subgroup of defendants committed their wrongful acts pursuant to an agreement (explicit or tacit) to retaliate against plaintiff. Although the complaint alleges that many defendants retaliated against plaintiff for the same reason (e.g., plaintiff's filing a specific grievance), it does not allege that those defendants coordinated their actions or otherwise acted pursuant to a common plan or scheme. Thus, the existence or nonexistence of any "pattern of retaliation" is not relevant to plaintiff's claims. Moreover, plaintiff's "pattern"

2

theory appears to be an improper attempt to use guilt by association – that is, an attempt to use one defendant's acts of retaliation to persuade the trier of fact to conclude that another defendant also engaged in retaliation. Accordingly, this alleged pattern of retaliation cannot serve as the transactional link between plaintiff's claims.

Setting aside plaintiff's pattern theory, I examine whether plaintiff's various claims otherwise arise out of the same transaction, occurrence or series of transactions or occurrences. To the extent that several retaliation claims arise out of the same specific protected action, they are transactionally related. Thus, it seems reasonably clear that the acts of retaliation described in paragraphs 26 to 44 are all part of the same series of transactions, in that they all stem from Goodvine's complaint about the alleged use of force against a fellow inmate on April 7, 2008. For this reason, all defendants named in those paragraphs as retaliators can be joined in this suit – i.e., Laurie Laurent, Peter Ericksen, Christopher Stevens, William Swiekatowski, Michael Schultz and Thomas Campbell.

Paragraphs 45 to 48 of the third amended complaint include allegations about a second batch of retaliation claims. This batch involved an argument between plaintiff and defendant Schultz about some inappropriate statements made by Goodvine. (Plaintiff does not say what the statements were about.) Plaintiff alleges that Schultz retaliated against plaintiff for engaging in this argument by ordering a cell extraction and filing a conduct report. Plaintiff also alleges that defendants Swiekatowski and Ericksen engaged in retaliation with respect to this incident. Although this batch of claims does not appear to be transactionally related to the batch of retaliation claims based on plaintiff's complaint about a fellow inmate on April 7, 2008, all of the relevant defendants are already properly

joined in connection with the first batch, and thus plaintiff properly added the second batch to this suit pursuant to Federal Rule of Civil Procedure 18.

Paragraph 50 includes allegations involving an incident in which defendant Cummings formed his fingers into the shape of a pistol, pointed them at his own head, and then gestured like he was pulling a trigger. Goodvine told Cummings that he intended to file a complaint about this incident, and then Cummings supposedly retaliated by issuing a conduct report against plaintiff for lying about staff. This act of retaliation is not transactionally related to any of plaintiff's other claims, nor is Cummings a party to any of plaintiff's other claims. Thus, this claim is not properly joined in this suit.

Paragraph 51 includes allegations against defendant Michael Lehman regarding a conduct report he wrote about plaintiff for refusing to take his medication. Plaintiff alleges that this was retaliation for something, but he does not identify the protected activity that led to this retaliation. Thus, as far as the complaint reveals, this claim is unrelated to plaintiff's other claims. And because Lehman is not a party to any of plaintiff's other claims, the claim against him cannot be joined with plaintiff's other claims.

Paragraph 53 and 54 contain claims against defendants Ericksen, Swiekatowski, Schultz and Campbell regarding the condition of plaintiff's cell in GBCI's segregation block and plaintiff's inability to exercise. Although it is not clear that these claims are transactionally related to plaintiff's other claims, the relevant defendants are already properly joined in connection with plaintiff's first batch of claims, and thus this claim is properly joined pursuant to Rule 18.

Paragraph 59 alleges that defendant Swiekatowski used excessive force against plaintiff by administering "OC spray." Defendant Robert Pickle participated in this use of

force by turning on the hot water in plaintiff's shower, which exacerbated the pain caused by the OC spray. This claim is not transactionally related to any of plaintiff's other claims. Further, although Swiekatowski is already properly joined in this action as a defendant to other claims, Pickle is not. Thus, although plaintiff may proceed with this claim insofar as it concerns Swiekatowski, he may not proceed against Pickle.

Paragraphs 60 through 66 contain allegations about an incident in which plaintiff was thrown from a golf cart as he was being transported back to his cell after a dental appointment. Plaintiff alleges that the golf cart was not equipped with seatbelts and that the officer driving the cart intentionally maneuvered the vehicle such that plaintiff – who was handcuffed, chained and unable to protect himself – was thrown from the vehicle and injured. Plaintiff does not sue this officer but instead sues defendants Schultz, Campbell and Ericksen for their failure to equip the golf cart with seatbelts. He also alleges that defendant Stevens retaliated against him for filing an inmate complaint against the officer who was driving the cart. Although these claims are transactionally unrelated to plaintiff's other claims, all of the relevant defendants are already properly joined as defendants to other claims. Therefore, the golf cart claims are properly joined in this suit.

Paragraphs 67 to 70 involve allegations that defendant J. Mommaerts inflicted cruel and unusual punishment on plaintiff by tampering with his prescription nasal spray. Because this claim is unrelated to plaintiff's other claims and involves a new defendant, it may not be included in this suit.

Finally, I note that plaintiff scatters various allegations against GBCI's warden, William Pollard, and deputy warden, Michael Baenen, throughout the complaint. Plaintiff alleges that he wrote letters to Pollard and Baenen about his treatment at GBCI but that

5

they did not act on the letters.[1] However, plaintiff does not explicitly connect these letters to any of the specific instances of retaliation or cruel and unusual punishment described in the complaint. (See Third Am. Compl. ¶¶ 49 & 56.) Nonetheless, I will keep Pollard and Baenen in the case for the time being, on the assumption that plaintiff thinks that they are liable for all the acts of retaliation and cruel and unusual punishment that remain in the case. I assume that Pollard and Baenen will eventually ask for summary judgment on at least some of the claims on the ground that they were not personally involved in the alleged constitutional deprivations, but this issue has not yet been briefed and thus a ruling would be premature.

In sum, I conclude that claims based on the allegations of paragraphs 26-48, 53-54, and 59-66 – insofar as they assert claims against defendants Ericksen, Pollard, Baenen, Swiekatowski, Stevens, Schultz, Campbell and Laurent – are properly joined in this action.[2] Defendants Cummings, Lehman, Pickle and Mommaerts are not properly joined.

The next question is what to do about the improperly joined claims. Rule 21 provides that misjoinder of parties is not grounds for dismissing an action. Instead, the court may, "on just terms," drop the improper party or parties. Fed. R. Civ. P. 21. Alternatively, the court may sever the claims against the misjoined parties into separate actions. Defendants have requested that the misjoined claims be severed, but plaintiff has not indicated whether he intends to proceed with such claims if they cannot be joined in

---

[1] Plaintiff also alleges that Pollard and Baenen are liable for failing to equip the golf cart with seatbelts.

[2] I note that even though these claims are properly joined, this does not mean that they will all be tried together. If all claims survive summary judgment, I may need to order separate trials to avoid confusion and undue prejudice. See Fed. R. Civ. P. 42(b).

6

the present case. Instead of needlessly opening four new cases for the claims against Cummings, Lehman, Pickle and Mommaerts, I will first solicit plaintiff's input as to how he wishes to proceed.

## CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendants' motion to sever (Docket #44) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that a telephonic status conference will be held on **January 26, 2011 at 11:00 a.m.** The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 17th day of December 2010.

/s_____
LYNN ADELMAN
District Judge